IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 13-173 |
| ) | |
| vs. ) | |
| ) | |
| **JAISON EVANS,** ) | |
| ) | |
| Defendant, ) | |

## **MEMORANDUM OPINION**

Conti, Chief District Judge.

On May 1, 2017, defendant Jaison Evans ("Evans" or "defendant") filed a pro se motion for review and appropriate relief of the court's final order of forfeiture of April 16, 2015 (ECF No. 140), with brief in support. The government filed a response in opposition to defendant's motion (ECF No. 145). Evans then filed a pro se petition to strike and deny the government's response (ECF No. 148). Both of defendant's motions will be denied for the reasons set forth below.

Factual and Procedural Background

Evans pled guilty to count two of the indictment at Criminal Number 13-173, which charged him with possession with intent to distribute 100 grams or more of heroin under 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(viii), as part of a plea agreement entered into with the government. Evans acknowledged his responsibility for the conduct charged in counts one and three of the indictment. The indictment contained forfeiture allegations. In the plea agreement, ¶¶ 3-12, Evans consented to voluntarily forfeit the following: (1) $430,000.00 in United States

currency; (2) $58,323.21 seized from PNC Bank Account #1031625278; (3) $1,434.94 seized from PNC Bank Account #1025390329; (4) $5,782.27 seized from PNC Bank Account #097078174; (5) $11,308.22 seized from PNC Bank Account #097078689; (6) one steel and gold colored Omega Constellation Co-Axial Chronometer; (7) a 2003 Lincoln Navigator, VIN #5LMFU28R33LJ05933; and (8) a North American Arms .380 caliber firearm, bearing serial number BC01658. Evans acknowledged that this property constituted the proceeds of criminal drug distribution. On November 13, 2014, the court conducted a thorough colloquy and accepted Evans' guilty plea as knowing and voluntary. The court specifically asked Evans: "do you understand that you will be required to forfeit certain property to the government as part of your sentence?" Evans responded: "Yes, your honor." Plea Hr'g colloquy at 12.

On December 9, 2014, the court granted the government's preliminary order of forfeiture (ECF No. 90). On March 13, 2015, Evans was sentenced to 144 months imprisonment. The judgment included an order of forfeiture (ECF No. 120).

Evans' spouse, Dollie Ann Cartlidge ("Cartlidge"), entered into a settlement agreement with the government on April 9, 2015, whereby Cartlidge agreed to forfeit her interest in all the aforementioned assets except for the .380 caliber firearm (ECF No. 121). The court approved the stipulation with Cartlidge.

On April 15, 2015, the government filed a final motion for forfeiture with respect to Evans. The court granted the government's motion for final order of forfeiture on April 16, 2015 (ECF No. 124). In this order, the court stated that the following property is forfeited to the United States "free and clear of all right, title and interest of any person or entity, including, without limitation, Jaison Evans": (1) $430,000.00 in United States currency; (2) $58,323.21 seized from PNC Bank Account #1031625278; (3) $1,434.94 seized from PNC Bank Account

#1025390329; (4) $5,782.27 seized from PNC Bank Account #097078174; (5) $11,308.22 seized from PNC Bank Account #097078689; (6) 2003 Lincoln Navigator, VIN #5LMFU28R33LJ05933; and (7) one steel and gold colored Omega Constellation Co-Axiel Chronometer. Evans did not file a direct appeal of his conviction, sentence, or final order of forfeiture. On October 13, 2015, Evans paid his $100 special assessment.

Almost two years later, on May 1, 2017, Evans filed the pending motion in which he seeks the return of $496,847 in U.S. currency and a 2003 Lincoln Navigator. Evans contends that the government unlawfully obtained his assets because they were not properly subjected to forfeiture proceedings. Specifically, Evans claims the plea agreement he entered into was induced by fraud and violates public policy. The government responded that Evans specifically agreed to forfeit the assets in question and acknowledged that they were proceeds from the distribution of controlled substances. The government also points out that Evans made no objection until two years after the forfeiture was finalized and thus has no legal basis to seek the return of the assets in question.

Legal Analysis

"[C]riminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all." *United States v. Noyes*, 557 F. App'x. 125, 127 (3d Cir. 2014) (citation omitted). Defendant must move "to directly challenge the District Court's forfeiture order" within "the fourteen-day time limit in the Federal Rule of Appellate Procedure 4(b)" or else it is "untimely and should be dismissed for lack of jurisdiction." *Id.* at 126. In *Noyes*, the court of appeals explained that a motion to stay disposition of forfeited property was a direct challenge to a final order of forfeiture order and is thus "subject to the fourteen-day time limit in

Federal Rule of Appellate Procedure 4(b)." *Id.* The *Noyes* court dismissed the motion because it was filed about two months after a final order of forfeiture, making it untimely and leaving the court without jurisdiction. *Id.*

The same result applies in this case. Evans' motion for review and appropriate relief directly challenges the final order of forfeiture issued on April 16, 2015. Because he filed his appeal on May 1, 2017, more than two years after the order was issued, Evans' motion is well outside the fourteen-day time limit, leaving this court without jurisdiction.

Evans cannot avoid his failure to file a direct appeal by styling the motion as one for return of property pursuant to Federal Rule of Criminal Procedure 41(g). Courts may treat a Rule 41(g) motion "as a civil proceeding for equitable relief" when it is timely and the court has jurisdiction. *United States v. Davies*, 601 F. App'x 97, 99 (3d Cir. 2015). Rule 41(g), however, does not entitle Evans to relief in this case. "It is well settled that the Government may seize evidence for use in investigation and trial, but…it must return the property once the criminal proceedings have concluded, *unless* it is contraband *or subject to forfeiture*." *Noyes*, 557 F. App'x at 127 (*citing United States v. Bein*, 214 F.3d 408, 411 (3d Cir. 2000)) (emphasis in original). Therefore, a court may properly deny a Rule 41(g) motion if it finds that the property is "subject to forfeiture." *Id.*

In *United States v. Bernard*, 537 F. App'x 72, 73 (3d Cir. 2013), the court held that it lacked subject-matter jurisdiction because the defendant did not make a proper Rule 41(g) motion for the return of property. The property was "subject to forfeiture." The defendant entered into a plea agreement in which he forfeited a large sum of money. Although the defendant's Rule 41(g) motion was timely, it was denied because "it was a challenge to the forfeiture order itself, and 'is best seen as an improper attempt to challenge a component of his

sentence.'" *Id.* at 73-74 (quoting *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007)). Similarly, Evans' motion is not proper under Rule 41(g) because it directly challenges the forfeiture order by seeking the return of property that is "subject to forfeiture." *Bernard*, 537 F. App'x at 74.

In *Davies*, the court of appeals affirmed the denial of a defendant's Rule 41(g) motion because the defendant "voluntarily forfeited…all property subject to forfeiture" and had "actual notice of forfeiture prior to voluntarily entering his plea," thus "waiv[ing] his right to notice." *Davies*, 601 F. App'x at 98, 100. In this case, Evans stipulated that the assets in question were funds from his criminal activity and agreed to voluntarily forfeited them in his plea agreement Evans had actual notice of forfeiture because the items were identified in his plea agreement, judgment and final order of forfeiture.

Evans' motion to strike the government's response is improper. Rule 12(f) motions to strike authorize "a court to strike from a pleading 'any redundant, immaterial, impertinent, or scandalous matter.'" *Cestra v. Mylan, Inc.*, No. 14-825, 2015 WL 2455420, at *7 (W.D. Pa. May 22, 2015) (quoting Fed.R.Civ.P. 12(f)). Rule 12(f) motions "are highly disfavored." *Id.* The government's response does not contain "redundant, immaterial, impertinent, impertinent, or scandalous" materials. *Id.* Accordingly, the motion to strike (ECF No. 148) will be DENIED. The court construes Evans' petition as a reply brief and has considered the arguments set forth in it.

Conclusion

For the foregoing reasons, Evans' motion for review and appropriate relief of the court's final order of forfeiture (ECF No. 140) and his motion to strike the government's response (ECF No. 148) will be DENIED. An appropriate order will be entered contemporaneously with this opinion.

June 27, 2017

BY THE COURT:
*/s/ Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Criminal No. 13-173 |
| vs. | ) | |
| JAISON EVANS, | ) | |
| Defendant, | ) | |

## ORDER

AND NOW, this 27th day of June, 2017, for the reasons set forth in the accompanying memorandum opinion, IT IS HEREBY ORDERED that Jaison Evans' motion for review and appropriate relief of the court's final order of forfeiture of April 16, 2015 (ECF No. 140), and his petition to strike the government's response (ECF No. 148) are DENIED.

BY THE COURT:
*/s/ Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge