IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-173 |
| | ) | |
| JAISON EVANS | ) | |

## MEMORANDUM OPINION

Now pending is a pro se motion for reduction of sentence pursuant to Amendment 782 to the United States Sentencing Guidelines and Title 18 U.S.C. § 3582(c)(2) (ECF No. 150). The government filed a response in opposition (ECF No. 153). The motion is ripe for decision.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Defendant Jaison Evans ("Evans") agreed to enter a guilty plea for possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B)(i). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C),[1] the parties stipulated that the appropriate sentence in this case was a term of imprisonment of twelve years, any fine determined by the court, and a term of supervised release of ten years. The agreement explicitly stated: "The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing [a] sentence."

When faced with a Rule 11(c)(1)(C) agreement, the district court "may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A). The court may not accept the agreement unless the

---

[1] Rule 11(c)(1)(C) allows plea agreements to "specify that an attorney for the government will agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds once the court accepts the plea agreement)." Fed. R. Crim. P. 11(c)(1)(C).

1

court is satisfied that "(1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity." U.S.S.G. § 6B1.2(c). "[T]he decision whether to accept the agreement will often be deferred until the sentencing hearing," which means that "the decision whether to accept the plea agreement will often be made at the same time that the defendant is sentenced." *United States v. Hyde*, 520 U.S. 670, 678 (1997). That was the case here, and on March 13, 2015, the court accepted the plea agreement and sentenced Evans in accordance with its terms. (ECF No. 120).

For Evans' Presentence Investigation Report, the 2014 Guidelines Manual was used to determine the defendant's offense level. U.S.S.G. § 1B1.11. Evans' offense carried a base level under § 2D1.1 ("Drug Guideline") of 26. Presentence Investigation Report ¶ 18. Two levels were added for gun possession under § 2D1.1(b)(1), which brought his adjusted offense level under the Drug Guideline to 28. *Id.* ¶ 19. Because Evans was classified as a career offender, however, § 4B1 ("Career Offender Guideline") ultimately produced an offense level of 37. *Id.* ¶ 24; *see also* U.S.S.G. § 4B1.1(b) ("if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."). Evans' offense level was decreased by three levels for accepting responsibility, per § 3E1.1(a) and (b). *Id.* ¶¶ 25, 26. His total offense level, therefore, came to 34. *Id.* ¶ 27. Evans' career offender status also affected his criminal history category, increasing it from category III to category VI. This produced a guideline imprisonment range of 262 months to 327 months. *Id.* ¶ 66.

II. SENTENCE REDUCTIONS AND AMENDMENT 782

The United States Sentencing Commission ("Commission") effectuated amendment 782 to the Guidelines on November 1, 2014. U.S.S.G. App. C, Amdt. 782 (Supp. Nov. 2012-Nov. 2016). Amendment 782 reduced the base offense level by two levels for most drug offenses. *Id.* Evans was sentenced on March 13, 2015, after amendment 782 became effective (ECF No. 120).

Title 18 U.S.C. § 3582(c)(2) allows the court to modify a term of imprisonment after it has been imposed and upon the defendant's motion. The defendant must have been "sentenced to a term of imprisonment **based on** a sentencing range that has **subsequently been lowered** by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."[2] 18 U.S.C. § 3582(c)(2) (emphasis added). When determining whether a reduction of sentence is appropriate, the court must also consider "the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable" and "if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In sum, there are three requirements: (1) a sentence *based on* a guideline sentencing range; (2) a retroactive reduction of that guideline sentencing range; and (3) reduction of the actual sentence imposed must be consistent with the § 3553(a) factors and any pertinent policy statements.

III. ANALYSIS

A. EVANS' PLEA AGREEMENT WAS "BASED ON" THE GUIDELINES

The Supreme Court recently held that "a sentence imposed pursuant to a [Rule 11(c)(1)(C)] agreement is 'based on' the defendant's Guidelines range so long as that

---

[2] 28 U.S.C. 994(o) requires the Sentencing Commission to periodically "review and revise" sentencing guidelines "in consideration of comments and date coming to its attention."

3

range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes v. United States*, 138 S.Ct. 1765, 1775 (2018). Typically, there is no doubt "that the defendant's Guidelines range was a basis for his sentence" because "[t]he Sentencing Reform Act requires a district court to calculate and consider a defendant's Guidelines range in every case." *Id.* (citing 18 U.S.C. § 3553(a)). The Guidelines are "the starting point for every sentencing calculation in the federal system," and "a sentence imposed pursuant to a [Rule 11(c)(1)(C)] agreement is no exception." *Peugh v. United States*, 569 U.S. 530, 542 (2013); *Hughes*, 138 S.Ct. at 1776.

This court's imposition of the Rule 11(c)(1)(C) agreed-upon sentence was "based on" the guidelines. As expressly contemplated in the plea agreement, the court was required to consider the applicable advisory guideline range in imposing sentence. *See* U.S.S.G. § 6B1.2(c). Even though the court varied substantially downward from the guideline range of 262 to 327 months, the court nonetheless considered that range.

### B. AMENDMENT 782 DID NOT REDUCE EVANS' GUIDELINE RANGE

Evans' guideline range was not lowered by Amendment 782 for two reasons: (1) Amendment 782 was already effective and applied during the calculation of his offense level; and (2) his offense level was ultimately derived from his career offender status rather than his drug quantity.

Evans agreed to the plea agreement in October 2014. Amendment 782 became effective on November 1, 2014. The presentence investigation report was prepared in February 2015 and Evans was sentenced on March 13, 2015. In the presentence investigation report considered by the court for Evans' sentencing, it is expressly stated that "[t]he 2014 Guidelines Manual, incorporating all guideline amendments, was used to

4

determine the defendant's offense level." Presentence Investigation Report ¶ 17 (citing U.S.S.G. §1B1.11).  Based on the stipulated drug quantity of 400-700 grams of heroin, Evans' base offense level was 26.  Section 3585(c)(2) is inapplicable, therefore, because Evans was not "sentenced to a term of imprisonment based on a sentencing range *that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." (emphasis added). Evans was sentenced using guidelines that had already incorporated Amendment 782.

Assuming, *arguendo*, that Amendment 782 affected his base offense level, Evans would still not be eligible for a sentence reduction because his ultimate guideline range was "based on" his career offender status, not his drug quantity. When calculating a defendant's offense level, the "focus is on the 'end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus.'" *United States v. Walker*, 2018 WL 3084539, at *2 (3d Cir. June 21, 2018) (citing *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009). Evans' offense level, based on his career offender status, was 37.  U.S.S.G. § 4B1.1. Where application of an amendment to the Guidelines does not lower a defendant's sentencing range due to his status as a career offender, a reduction of sentence is not authorized. *Mateo*, 560 F.3d at 155.  The United States Supreme Court's decision in *Hughes* does not apply under these circumstances.  *Walker*, 2018 WL 3084539, at *2. Accordingly, Evans is not eligible for a reduction of sentence under § 3582(c)(2).

III. CONCLUSION

Evans' motion for a reduction of sentence pursuant to Amendment 782 to the United States Sentencing Guidelines and Title 18 U.S.C. § 3582(c)(2) (ECF No. 150) will be denied.

An appropriate order follows.

August 14, 2018.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 13-173 |
| | ) |
| JAISON EVANS | ) |

ORDER

And now this 14th day of August, 2018, in accordance with the memorandum opinion, the motion for reduction of sentence (ECF No. 150) is DENIED.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge