IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )  Criminal No. 13-173 |
| | ) |
| JAISON EVANS, | ) |
| | ) |
| Defendant. | ) |

OPINION

Pending before the court is a pro se motion to appoint counsel filed by defendant Jaison Evans ("Evans") (ECF No. 162). Evans explains that he wants a federal public defender to help him file a motion for compassionate release under the CARES Act, due to an outbreak of the covid-19 virus at FCI-Elkton. The motion will be resolved without a response from the government.

On June 23, 2020, the Federal Public Defender's office informed the court, by email, that it did not intend to file a motion for compassionate release on Evans' behalf. The Federal Public Defender's office also informed the court that it had advised Evans to file a pro se motion.

The only matter before the court is whether to appoint counsel for Evans. District courts may appoint counsel for financially eligible defendants. *See Tabron v. Grace*, 6 F.3d 147, 154-55 (3d Cir. 1993). Appointment of counsel is not mandatory, however. The court of appeals instructs that volunteer lawyer time is a valuable and scarce resource and therefore, district courts should not indiscriminately request counsel under 28 U.S.C. § 1915(e)(1). *Houser v. Folino*, 927 F.3d 693, 700 (3d Cir. 2019). Instead, the court must conclude that the interests of justice require that counsel be appointed. 18 U.S.C. §

3006A(a)(2)(B).

Before appointing counsel, the court must make a threshold finding that the claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the motion survives this threshold inquiry, the court considers a number of other factors: (1) the merits of the claim; (2) the movant's ability to present his case considering his education, literacy, experience, and the restraints placed upon him by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and his ability to pursue such investigation; (5) his capacity to retain counsel on his own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *Id.* at 155-56. The list of factors is not exhaustive and no factor is determinative. *Id.* at 157.

Satisfaction of the threshold inquiry is difficult when no substantive motion is pending before the court. *United States v. Skiba*, No. CRIM. 01-291-2, 2009 WL 150945, at *1 (W.D. Pa. Jan. 21, 2009) (declining to appoint counsel where defendant did not indicate what potential claims he intended to raise in a § 2255 motion). In this case, Evans explained only that he wishes to file a motion for compassionate release, and that eight inmates have died from covid-19 at FCI-Elkton.[1]

The court does not have sufficient information to conclude, for the purpose of appointing counsel, that Evans' claim has arguable merit. As an initial matter, Evans did not state that he satisfied the administrative prerequisites to seeking relief from the court. In *United States v. Raia*, No. 20-1033, 954 F.3d 594 (3d Cir. 2020), the court of appeals

---

[1] A local news source recently reported that as of June 22, 2020, there were 574 cases of covid-19 at FCI-Elkton, including 17 new cases. https://www.mahoningmatters.com/local-news/columbiana-county-reports-21-new-covid-19-cases-over-weekend-no-new-deaths-2453514 (last visited June 24, 2020). The most recent covid-19 death of an inmate at FCI-Elkton was reported on May 8, 2020. *Id*.

held that district courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies, including allowing 30 days for the Bureau of Prisons ("BOP") to respond to a request for release.  It would be a misuse of resources to appoint counsel if Evans did not seek relief from the BOP.

In addition, Evans did not demonstrate why "extraordinary and compelling reasons" exist.  He did not explain whether he had been exposed to the covid-19 virus or discuss whether he has any risk factors that might make him particularly vulnerable to the virus.  He did not address why the § 3553(a) sentencing factors favor his release.

In summary, based on a threshold evaluation of the scanty arguments presented in Evans' motion, the court cannot conclude that appointment of counsel to assist Evans in filing a motion for compassionate release would be in the interests of justice at this time.  If Evans is able to demonstrate, by filing a pro se motion, that his position has arguable merit, the court will reconsider its decision whether to appoint counsel.

Conclusion

For the reasons set forth above, the pro se motion to appoint counsel filed by Evans (ECF No. 162) will be DENIED WITHOUT PREJUDICE.

An appropriate order will be entered.

Dated: June 30, 2020

                                        BY THE COURT:

                                        /s/ Joy Flowers Conti
                                        Joy Flowers Conti
                                        Senior United States District Judge